**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

**CHRISTOPHER EVERETT,
ADC #152664**                                                                                        **PLAINTIFF**

**V.**                          **CASE NO. 3:20-CV-90-DPM-BD**

**NURZHUL FAUST,** *et al.*                                                              **DEFENDANTS**

## ORDER

Mr. Everett has moved to re-submit his third amended complaint. (Doc. No. 90) In his 158-page proposed third amended complaint, Mr. Everett seeks to correctly identify Defendants, add Defendants, and include additional grievance papers. Nearly 70 pages of the proposed third amended complaint are included in his second amended complaint. After reviewing the proposed complaint, it is unclear to the Court which existing Defendants that Mr. Everett seeks to correctly identify.

It is clear that Mr. Everett seeks to add Benny Magness, Sergeant Moss, Asa Hutchinson, Warden Ricketts, and Sergeant Pool as Defendants based on either their failure to take corrective action following the underlying incidents or their failure to respond to his grievances. Mr. Everett seeks to hold Warden Ricketts liable for failing to protect him from future retaliation.

An officer's failure to take corrective action <u>following</u> an incident does not rise to a constitutional level; nor does an officer's failure to properly respond to grievances. Furthermore, Mr. Everett cannot sue Warden Rickets for speculative future harm. Finally,

it is not necessary for Mr. Everett to provide the Court with either grievance papers or incident reports in support of a complaint.

Accordingly, allowing Mr. Everett to re-submit his third amended complaint would be futile and his motion is DENIED.

Mr. Everett also has filed a motion requesting information regarding a previously submitted proposed third amended complaint. (Doc. No. 91) As explained in an earlier order, the Court did not receive an earlier-submitted third amended complaint. The Clerk is instructed to terminate docket entry #91.

Mr. Everett has again moved for court-appointed counsel. (Doc. No. 92) For reasons previously explained (Doc. No. 4), that motion is DENIED, without prejudice.

On April 24, 2020, Mr. Everett filed a motion for leave to appeal Chief Judge Marshall's order adopting this Court's Recommendations that denied Mr. Everett's motions for preliminary injunctive relief. (Doc. No. 29) Mr. Everett did not pay the $505.00 appellate filing and docketing fees, and he has not filed an application for leave to appeal *in forma pauperis*.[1]

Therefore, pursuant to *Henderson v. Norris*, 129 F.3d 481 (8th Cir. 1997), this Court will assess an initial partial filing fee of $35.00. Mr. Everett's custodian is required to send to the Clerk of the Court the initial partial filing fee immediately. His custodians are further instructed to make monthly payments in the amount of twenty percent (20%) of the preceding month's income credited to his trust account each time the amount in the

---

[1] Mr. Everett later filed a motion to withdraw his appeal. (Doc. No. 42) The Court denied that motion based on a lack of jurisdiction. (Doc. No. 48)

account exceeds $10.00 until the statutory filing and docketing fees of $505.00 are paid in full. 28 U.S.C. § 1915(b)(2). The payment shall be clearly identified by the name and number assigned to this action. The Clerk of the Court is directed to send a copy of this order to the Warden of the North Central Unit, 10 Prison Circle, Calico Rock, Arkansas 72519.

Mr. Everett also has moved for the Court to require the Defendants to produce all of his grievance papers so that he can prove that he exhausted his administrative remedies related to the claims he raises in this lawsuit. (Doc. No. 96) At this time, discovery in this case is stayed. (Doc. No. 51) The motion is, therefore, DENIED. If Defendants file a dispositive motion contending that Mr. Everett did not fully exhaust grievances before filing this lawsuit, they will have the burden to prove that Mr. Everett did not exhaust his administrative remedies. If Defendants file such a motion, Mr. Everett may request specific grievance papers at that time so that he can respond to the motion.

Mr. Everett has also moved to submit affidavits in support of his third amended complaint. (Doc. No. 97) Because the Court has denied Mr. Everett's motion to re-submit his third amended complaint, his motion to submit affidavits is DENIED as moot.

Mr. Everett has asked to file a letter that he wrote to Defendant Payne. (Doc. No. 98) It is not necessary for Mr. Everett to submit that letter or any other evidence at this time. Accordingly, that motion is DENIED.

Finally, Mr. Everett has moved to dismiss this lawsuit if Defendants clear his disciplinary history dating back to July 19, 2019, restore his class, and restore his good-time credit. (Doc. No. 99) The Defendants who have been served with process are all

3

Medical Defendants, who lack apparent authority to expunge or correct Mr. Everett's disciplinary record. Accordingly, Mr. Everett's motion is DENIED.

IT IS SO ORDRED, this 24th day of June, 2020.

_____
UNITED STATES MAGISTRATE JUDGE